UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER EVANS,<br><br>         Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>         Defendant. | Civil No. 15-1455 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United State District Judge:

This FDCPA[1] suit arises from allegations by Plaintiff Christopher Evans ("Plaintiff") that Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant") engaged in prohibited debt collection practices. Presently before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion") [Dkt. No. 18] and Defendant's Motion to Seal [Dkt. No. 20]. For the following reasons, Defendant's Motion will be **GRANTED-IN-PART** and Defendant's Motion to Seal will be **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

At some point prior to October 17, 2012, Plaintiff incurred a debt that appears to be from a Bank of America credit card. (DSMF ¶ 38.) On or about September 28, 2012, PRA purchased

---

[1] Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

[2] All citations to the Defendant's Statement of Material Facts ("DSMF") [Dkt. No. 22] are only to those facts which Plaintiff has admitted, unless otherwise indicated. At this procedural posture, a fact is considered admitted when the nonmoving party fails to come forward with affidavits and evidence in support of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also* L.Civ.R. 56.1(a) (requiring "cit[ation] to the affidavits and other documents (continued)

1

the debt. (Validation Notice (Patterson Decl. [Dkt. No. 23] Ex. B).) On October 17, 2012, PRA sent Plaintiff the Validation Notice to apprise him of his rights and to inform him that PRA would be attempting to collect the debt. (*Id.*; DSMF ¶ 3.)

Beginning in November 2012, PRA began trying to collect the outstanding debt. (DSMF ¶ 33.) PRA spoke with Plaintiff personally on November 21, 2012 in its attempts to collect the debt. (*Id.*) After continued calls, on April 30, 2013, PRA filed suit against Plaintiff in the Superior Court of New Jersey, Law Division, Gloucester County in order to obtain judgment on the debt. (DSMF ¶ 35; Patterson Decl. Ex. C.) Plaintiff called PRA on May 4, 2013 after receiving the summons and complaint, during which the pending suit was discussed. (DSMF ¶¶ 36, 38.) On August 6, 2013, default judgment was entered against Plaintiff. (DSMF ¶ 37.)

Most of the time when PRA called, Plaintiff would either hang up or allow the call to be disconnected. (DSMF ¶ 41.) In the one-year period prior to the filing of Plaintiff's complaint, PRA attempted to reach Plaintiff by calling him on two different telephone numbers, his cell phone number ending in 2347, and his home phone number ending in 0450. (DSMF ¶¶ 2, 42.) During the period of March 2014 through December 2014, PRA called Plaintiff at least 185 times. (DSMF ¶ 44; *see also* PRA Call Log (Patterson Decl. Ex. A).[3])

---

(continued)
submitted in connection with the motion" to dispute a fact and stating that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion"). Citations to the DSMF also include citations to the underlying record cites provided by Defendants.

[3] Plaintiff does not dispute that at least these many calls occurred. (Plaintiff's Response to DSMF ("PRSMF") [Dkt. No. 25-1] ¶ 44.) Rather, Plaintiff contends that his cell phone records reveal at least six additional calls that are not listed on this table or in the PRA Call Log. (*Id.*; Pl.'s Ex. A [Dkt. No. 25-2].)

PRA made its last call to Plaintiff on December 31, 2014.  (DSMF ¶ 72.)  Later on December 31, 2014, PRA received a letter from Plaintiff's attorney advising that Plaintiff was represented and demanding that PRA cease and desist from calling Plaintiff to collect on the debt.  (DSMF ¶ 73.)  Plaintiff then filed suit on February 26, 2015, alleging various violations of the FDCPA.  (*See generally* Compl.)

## II.   JURISDICTION

Plaintiff brings claims exclusively under the FDCPA.  Accordingly, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## III.   LEGAL STANDARD

### A.   Motion for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex*, 477 U.S. at 322–23.  A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 252.  Even if the facts are undisputed, a disagreement over what inferences may be

3

drawn from the facts precludes a grant of summary judgment.  *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The nonmoving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial."  *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).  Further, the nonmoving party must come forth with affidavits and evidence in support of their position; merely relying on the pleadings and the assertions therein is insufficient to demonstrate a genuine issue of material of fact on a motion for summary judgment.  *Celotex*, 477 U.S. at 324; *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citing Fed. R. Civ. P. 56(e) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).  The court's role in deciding the merits of a summary judgment motion is to determine whether there is a genuine issue for trial, not to determine the credibility of the evidence or the truth of the matter.  *Anderson*, 477 U.S. at 249.

### B. Motion to Seal

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves.  The rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L.Civ.R. 5.3(c)(2).

Where a party moves to seal pretrial motions of a "nondiscovery nature, the moving party must make a showing sufficient to overcome a 'presumptive right of public access.'"  *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).  In order to rebut the

4

presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1995) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).  A party does not establish good cause by merely providing "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).  To prevail, the parties must make this good cause showing with respect to each document sought to be sealed.  *Id.* at 786–87.

**IV.    DISCUSSION**

    **A.    Violations of 15 U.S.C. §§ 1692e and 1692g**

Plaintiff has agreed to withdraw his claims that (1) PRA violated 15 U.S.C. § 1692e by threatening an improper lawsuit; and (2) PRA violated 15 U.S.C. § 1692g by failing to provide the Validation Notice.  (Pl.'s Opp. [Dkt. No. 25] at 3, 15.)  Thus, the Court will grant Defendant's Motion with respect to these claims.

    **B.    Violations of 15 U.S.C. § 1692d and 1692d(5)**

        **1.    Evaluations of Claims under 15 U.S.C. § 1692d**

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and goes on to enumerate a non-exhaustive list of conduct that may deemed harassing, oppressive, or abusive.  15 U.S.C. § 1692d.  This includes using threats, using violence, using obscene language, publishing a list of debtors refusing to pay, and advertising debt for sale to coerce payment.  *Id.*  Section 1692d(5) specifically prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

5

with intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692d(5).  As the enumerated list is nonexhaustive, a debt collector can violate § 1692d without violating § 1692d(5), even when based on the same underlying conduct.

"The question of whether a debt collector engages in 'harassing, annoying, or abusive' conduct is ordinarily an issue of fact for the jury." *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 429 (D.N.J. 2013) (citations omitted); *see also Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985).  "Nevertheless, if the debt collector's conduct has—or does not have—the natural consequence of harassing, oppressing or abusing the consumer as a matter of law, summary judgment is appropriate." *Feuerstack v. Weiner*, Civ. No. 12-4253 (SRC), 2014 WL 3619675, at *6 (D.N.J. July 22, 2014) (internal quotations omitted).

Similarly, "the question of a debt collector's intent to annoy, abuse, or harass under § 1692d(5)" is ordinarily an issue for the jury. *Rush*, 977 F. Supp. 2d at 429 (citations omitted). However, as this Court has noted in the past, "Plaintiff must provide *evidence* such that a reasonable juror could conclude that such calls were caused by Defendants with an intent to harass.  Absent such evidence, Plaintiff's *mere allegations* of hang up calls is insufficient to survive summary judgment." *Bey v. Daimler Chrysler Servs. of N. Am., LLC*, Civ. No. 04-6186 (RBK), 2006 WL 361385, at *10 (D.N.J. Feb. 15, 2006) (emphases added).[4]

It is undisputed that Plaintiff only engaged in at most one conversation with a PRA representative in the March to December 2014 time frame.  (PRSMF ¶ 39.)[5]  Therefore, the basis

---

[4] The Court does note an apparent typographical error in the *Bey* opinion which makes it appear as though this statement is referring to 15 U.S.C. § 1692c(5).  However, there is no such statute, and the quoted statutory language clearly comes from 15 U.S.C. § 1692d(5).

[5] PRA disputes that there was even one phone call, but one phone call versus no phone calls makes no difference here.

for the § 1692d(5) violation can only be "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

### 2.     Genuine Dispute of Material Fact

The Court must first settle whether there is a genuine dispute of material fact over the call volume.  PRA has submitted into the record its call logs accompanied by a sworn declaration that these logs are kept in the regular course of business to support its assertion that it made 185 calls between March and December of 2014.  (*See* PRA Call Log; Patterson Decl. ¶¶ 1–11.)  Plaintiff does not dispute that these calls occurred, but contends that there were more calls than PRA has recorded.  (*See* PRSMF ¶ 44.)  In support of this, Plaintiff submits screen shots of his cell phone and from a call blocker application that list 6 additional calls in November.  (*See* Pl.'s Ex. A.) He argues this demonstrates that PRA's records are incomplete.  (*See, e.g.*, PRSMF ¶¶ 44–45.) These documents are unauthenticated and submitted without any declaration or affidavit attesting to their origin.  (*See* Pl.'s Ex. A.)

In opposition to summary judgment, a party is required to support its assertion of a genuine dispute of fact by "citing to particular parts of the materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  But the movant may then "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  PRA has so objected, arguing that "Plaintiff's unauthenticated document responses are inadmissible and insufficient to rebut the properly authenticated business records provided by PRA."  (Def.'s Reply [Dkt. No. 26] at 3.)  The Third Circuit has noted that "a court in assessing opposition to a motion for summary judgment might consider unauthenticated documents or hearsay provided that the evidence could be made admissible at trial."  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 295 n.66 (3d Cir. 2014) (citing *Lexington Ins. Co. v. W. Pa. Hosp.*, 423

7

F.3d 318, 329 n.6 (3d Cir. 2005) and *Williams v. Borough of W. Chester*, 891 F.2d 458, 465 n.12 (3d Cir. 1989)).

Other courts in this District have had to pass judgment on a similar issue. In a similar case, the plaintiff provided an affidavit that stated "There were days when I received up to five (5) telephone calls from Defendant." *Derricotte v. Pressler & Pressler, LLP*, Civ. No. 10-1323 (PGS), 2011 WL 2971540, at *3–4 (D.N.J. July 19, 2011). However, the plaintiff was unable to substantiate this claim. *Id.* at *4. The court noted that these "conclusory allegations [were] insufficient to survive summary judgment" without "more than an affidavit statement and deposition testimony." *Id.* Conversely, in *Rush*, the Plaintiffs averred in their sworn affidavits and deposition testimony that the defendant (coincidentally, PRA) placed multiple calls to them on Sundays that were not recorded in the defendant's call logs. *Rush*, 977 F. Supp. 2d at 430–31. The court there found these were "enough to merit a genuine dispute of fact as to the number, frequency, and timing of phone calls [defendant] made to [p]laintiffs." *Id.* at 431.

Here, Plaintiff has not provided any sworn affidavit or cited to any of his own testimony at his deposition in order to support his argument, instead arguing that "Plaintiff *will testify* that he received more than one hundred and eighty-five calls Defendant indicated it made, and that he received calls constantly." (Pl.'s Opp. at 13 (emphasis added).) Plaintiff also states that "Plaintiff recalls receiving calls almost every day and sometimes more than once a day" in his responsive statement of material facts and cites to the screen shots he provides. (*E.g.*, PRSMF ¶ 45.)

This is a very close call, but the Court finds that all of the evidence taken together casts doubt on the accuracy of PRA's call logs, creating a genuine dispute of material fact.[6]  At trial, Plaintiff can likely find a way to properly submit the call logs into evidence for the jury's consideration of his claims.  Thus, it is appropriate to deny Defendant's Motion, leaving open the genuine disputed material fact of the number, frequency, and timing of calls made by PRA to Plaintiff for the jury to decide.[7]

---

[6] Because the Court finds there is a genuine dispute of material fact, the Court does not reach the issue briefed by the parties on whether the "least sophisticated debtor" standard applies to actions under § 1692d.  The Court does note that the Third Circuit has broadly stated that "any lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).  In a footnote in that same case, the Third Circuit relied on another circuit's application of the least sophisticated debtor standard to § 1692d claims. *See id.* at 454 n.2 (citing *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir. 1985)).

However, a deeper look at *Jeter* shows that the Eleventh Circuit found the least sophisticated debtor standard, while nominally applying, is not precisely applicable to § 1692d claims, because "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate *solely* to the consumer's relative sophistication." *Jeter*, 760 F.2d at 1179 (emphasis added).  The court in *Jeter* ultimately concluded that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse." *Id.*  This remains the standard in the Eleventh Circuit.  *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015).

The Court finally notes that at least one other court in this District has noted the issue, but did not decide the issue.  *See Rush*, 977 F. Supp. 2d at 431 n.21.  The court in *Rush* considered the holding in *Brown* that the least sophisticated debtor standard applies to "any lender-debtor communications," but ultimately noted that "[b]ecause § 1692d does not require any communication, as defined under the FDCPA, application of that standard to § 1692d seems unlikely, and indeed, unworkable." *Id.*  This Court would agree if it reached the issue.

[7] The Court therefore does not reach whether, as a matter of law, PRA's calls do not violate § 1692d or § 1692d(5) because the precise number and pattern of calls is the genuine disputed material fact.

9

### C. Violations of 15 U.S.C. § 1692f

Finally, PRA moves for summary judgment on Plaintiff's claim that PRA violated 15 U.S.C. § 1692f on the basis that Plaintiff's allegations regarding § 1692f are duplicative and do not identify any misconduct beyond what is alleged to be a violation of § 1692d and § 1692d(5). (Def.'s Mot. Br. at 34.)  Plaintiff does not dispute that the alleged violation of § 1692f rests on the same conduct as the alleged violations of §§ 1692d and 1692d(5), but responds that a § 1692f claim may proceed even when the same conduct states another violation of the FDCPA. (Pl.'s Opp. at 13–15.)

Section 1692f prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt" and provides a non-exhaustive list of behavior that would violate of the section.  However, as courts of this District have recognized, conduct that is a violation of another section of the FDCPA "cannot be the basis for a separate claim under § 1692f." *Turner v. Professional Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013).  In opposition to this, Plaintiff points to a case from the Central District of California where the court found that an attorney form letter was a violation of §§ 1692e(3) and 1692f.  *See Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1460–62 (C.D. Cal. 1991).  However, the court in *Masuda* also noted that the purpose of § 1692f was "to 'enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed.'" *Id.* at 1461 n.10 (quoting S. Rep. No. 95-832, at 4 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1698) (omission in quoting source).

The Court is not persuaded by *Masuda*, and instead relies on *Turner* and the litany of cases in this District and within the Third Circuit that have relied not only on *Turner*, but also the cases on which *Turner* relies. *See, e.g.*, *Qureshi v. OPS 9, LLC*, Civ. No. 14-1806 (MCA), 2015 WL 6407883, at *6 (D.N.J. Oct. 21, 2015); *Rush*, 977 F. Supp. 2d at 431–32; *Corson v. Accounts*

*Receivable Mgmt., Inc.*, Civ. No. 13-1903 (JEI/AMD), 2013 WL 4047577, at *7–8 (D.N.J. Aug. 9, 2013); *Adams v. Law Office of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996) (citing *Masuda* and concluding that because the court found "Defendants failed to comply with § 1692g in the manners alleged, we see no need to declare their conduct unlawful under § 1692f's general provision").[8]  Plaintiff has not alleged any conduct independent of the alleged improper conduct under §§ 1692d and 1692d(5), thus his claim fails as a matter of law.  Accordingly, the Court will grant Defendant's Motion with respect to this claim.

### D.     Motion to Seal

PRA requests to file under seal portions of (1) the Defendants' Motion Brief; (2) the DSMF; (3) and the Patterson Declaration.  (Def.'s Mot. Seal at 1–2.)  PRA has already filed redacted versions of these documents at Docket Entry 18-1, 18-2, and 18-3, respectively.  PRA points out that the portions it would like to maintain under seal is information regarding the methodology used in its debt collection practice, and that "PRA's efforts over this time cannot be easily duplicated by its competitors and give PRA unique advantages in the conduct of its business."  (*Id.* at 2.)  PRA states that "public disclosure of these materials can cause PRA serious injury by the loss [of] its competitive advantages."  (*Id.*)  PRA is only requesting redaction of the limited information identified in the redacted version of the documents already filed.

The Court finds that PRA has met its obligations consistent with L.Civ.R. 5.3(c).  It has identified the documents it wishes to seal with specificity, demonstrated the legitimate private

---

[8] The Court does note that the Third Circuit has determined that one course of conduct may state a claim under one of the FDCPA's other provisions and an enumerated section of § 1692f, but has not addressed this precise issue.  *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174–79 (3d Cir. 2015) (finding that a foreclosure complaint that included attorneys' fees which had not yet been incurred could violate §§ 1692e(2)(A), (10), and 1692f(1))

interests which warrant the relief sought, shown the clearly defined and serious injury that would result if the information were unsealed, and shown that a less restrictive alternative is unavailable.  PRA's specific allegations of harm provide good cause to overcome the public's interest in the documents, and thus Defendants' Motion to Seal will be granted.

The Court does note, however, that in the future, counsel should follow the proper procedure outlined in L.Civ.R. 5.3(c) for filing under seal and wait to file a redacted version until the Court has ruled on the motion to seal.

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion will be GRANTED-IN-PART with respect to Plaintiff's claims under 15 U.S.C. §§ 1692e, 1692f, and 1692g, and otherwise DENIED, and Defendant's Motion to Seal will be GRANTED.  An appropriate order accompanies this opinion.


Date:  July   27th  , 2016


                          s/ Robert B. Kugler
                          ROBERT B. KUGLER, U.S.D.J.